


**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

UNITED STATES OF AMERICA,

Plaintiff,

vs.

VINCENT RIVAZ-FELIX,

Defendant.
_____________________________________/

CASE NO. 12-CR-00340 AWI BAM

**ORDER ON DEFENDANT'S MOTION FOR DISCOVERY OF OFFICER MUNOZ'S PERSONNEL FILE**

Defendant Vincent Rivaz-Felix moves for an order that the personnel file of South Gate Police Department Officer I. Munoz be provided for an in camera review. Defendant's Request "E" was part of a general discovery motion heard on April 11, 2013. At the hearing, the Court reserved ruling on the request for Officer Munoz's personnel file. Having considered the moving, opposition, and reply papers, as well as the arguments of counsel and the Court's file, the Court issues the following order.

The indictment charges Mr. Rivaz-Felix with one count of conspiracy to distribute and possess with the intent to distribute cocaine, in violation of 21 U.S.C. §§846 and 841(a)(1). A confidential source met with a supplier and/or courier; the identity of the supplier and/or courier was unknown to the confidential source. The government alleges the supplier and/or courier was Mr. Rivaz-Felix. After a meeting where cocaine was provided to the confidential source, the supplier/courier was followed to a residence, and a search warrant was executed at the residence.

Several individuals were in the home, one of whom was defendant Mr. Rivaz-Felix. Mr. Rivaz-Felix was transported to the South Gate Police Department and interrogated by a DEA agent with South Gate Police Department Officer I. Munoz acting as an interpreter. In the interrogation, which was not recorded, Mr. Rivaz-Felix purportedly admitted to being the courier.

Defendant contends that the personnel file of Officer Munoz must be disclosed, in camera, as *Brady* material and/or for impeachment material. Defendant contends Officer Munoz was acting as a government agent and contributed to a federal case by interpreting the interrogation.

The government contends that it has no obligation to produce the personnel file of Officer Munoz. Officer Munoz is a non-federal officer, and while he participated in the investigation, the federal government does not have custody or control of his personnel file.

***Brady* and *Henthorn***

The Due Process Clause of the Constitution requires the United States to disclose information favorable to the accused that is material to either guilt or to punishment. In *Brady v. Maryland*, the Supreme Court explained that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady v. Maryland*, 373 U.S. 83, 87, 83 S.Ct. 1194 (1963). In *Giglio v. United States*, the Supreme Court extended the prosecution's disclosure obligation to evidence that is useful to the defense in impeaching government witnesses, even if the evidence is not inherently exculpatory. See *Giglio v. United States*, 405 U.S. 150, 153–55, 92 S.Ct. 763 (1972) ("When the 'reliability of a given witness may well be determinative of guilt or innocence,' nondisclosure of evidence affecting credibility falls within this general rule" (citation omitted)); *U.S. v. Bagley*, 473 U.S. 667, 676, 105 S.Ct 3375 (1985) ("Impeachment evidence, however, as well as exculpatory evidence, falls within the *Brady* rule"); *Kyles v Whitley*, 514 U.S. 419, 437, 115 S.Ct 1555 (1995) ("[T]he individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police").

Pursuant to *U.S. v. Henthorn,* 931 F.2d 29 (9th Cir. 1991), Defendant requests that the Court direct the Government to review the personnel files of Officer Munoz or have the files submitted for

in camera review and disclose any information which is favorable to the Defendant. *See Henthorn,* 931 F.2d at 31. In *Henthorn,* the Ninth Circuit held that the government has a duty upon request to examine the personnel files of its law enforcement witnesses and disclose information material to witness credibility. *Id.* In *Henthorn*, a cocaine conspiracy case, the court held that the defendant has no preliminary burden of showing materiality but need only make a demand for production to trigger the government's obligation. The case was remanded to the district court for an in camera review of the personnel files of all of the federal law enforcement officers testifying at trial for evidence of perjurious conduct or other evidence of dishonesty. An LAPD detective was also part of the investigative team.

What is different between *Henthorn* and the case currently before the Court is the request for personnel files of state or local law enforcement officers. In *Henthorn*, the court specifically did **not** reach the issue of whether the personnel file of the LAPD detective involved in the federal investigation must be reviewed. *Henthorn,* 931 F.2d at 31 n.2. Review of the personnel file of the local police officer is squarely at issue in the motion before this Court.

**Possession, Custody or Control**

Fed.R.Crim.P. Rule 16 provides that the Government must provide the defense with "photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control" and if "the item is material to preparing the defense." Fed.R.Crim.P. 16(a)(1)(E) (I). The rule "triggers the government's disclosure obligation only with respect to documents within the federal government's actual possession, custody or control." *United States v. Gatto*, 763 F.2d 1040, 1048 (9th Cir.1985); *see*, *e.g.*, *United States v. Plunk*, 153 F.3d 1011, 1028 (9th Cir.1998) ("However, while the prosecution must disclose any *Brady* information within the possession or control of law enforcement personnel, it has no duty to volunteer information that it does not possess. As a general matter, information beyond that contained in the government's files is not subject to the strictures of *Brady*. In this case, the notes that Plunk sought were in the files of the federal public defender; consequently, the prosecution did not 'possess' or 'control' the requested information. The government was therefore under no obligation to search for or to provide the notes"

(quotation marks and citations omitted)), *opinion amended on other grounds on denial of rehearing*, 161 F.3d 1195 (9th Cir.1998), *cert. denied*, *Plunk v. United States*, 526 U.S. 1060, 119 S.Ct. 1376 (1999).

In *U.S. v. Dominguez-Villa*, 954 F.2d 562 (9th Cir.1992), the court held that although state law enforcement personnel were involved in the underlying federal criminal investigation, that fact alone did not make their personnel files "under the control of," or "in the possession of" the federal prosecutor. *Dominguez-Villa* involved an indictment for conspiracy to possess marijuana. Before trial, defendant requested discovery of personnel files including state officers involved in the case. The Court denied the request as to the state officers' personnel files. *Id* at 566. The Court held that the district court had "exceeded its authority by requiring review of personnel files of state law enforcement witnesses." *Id.* The Court held that these documents were under the control of state officials and not within the federal government's actual possession, custody or control.

Defendant states that *U.S. v. Dominguez-Villa* has been overruled in *Kyles v. Whitley*, 514 U.S. 419 (1995). To the contrary, *Kyles v. Whitley*, 514 U.S. 419, 437 (1995) held that an individual prosecutor remains responsible for the duty under *Brady* to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police. It did not hold that this duty extended to review personnel files maintained by another sovereign. The evidence at issue in *Kyles* was the disclosure of certain eye witness information, among other items, which was in the possession of the government's investigator, and none of the evidence involved officer personnel files. *Id.* at 429.

**Other cases Relied Upon by Defendant**

Defendant cites *Milke v. Ryan*, -- F.3d --, 2013 WL 979127 (9th Cir. 2013) for the proposition that evidence must be disclosed to impeach a prosecution's witness. *Milke* involved a habeas corpus petition filed by a state convicted prisoner. During discovery and prior to trial, Petitioner had requested the interrogating officer's personnel file. The trial court had denied the request, and petitioner was ultimately convicted. On habeas review, Petitioner claimed her *Brady* and *Giglio* rights were violated where the state prosecution failed to disclose substantial impeachment material against the interrogating officer. The interrogating officer's personnel file contained evidence of

prior misconduct, perjury and Constitutional abuses by the officer in similar cases. The Court held that *Brady* violations where committed by failure to disclose the personnel file.

*Milke*, however, is distinguishable. *Milke* involved a state prosecution where the interrogating officer was a local police officer. *Milke* did not deal with whether a federal prosecution must turn over another sovereign's officer's personnel file. The possession, custody and control of the federal goverment was not at issue in *Milke* as it is in this case.

Similarly, in *U.S. v. Price*, 566 F.3d 900 (9th Cir. 2009), the court addressed the prosecution's duty to learn of exculpatory information gathered by agents working on its behalf. In *Price*, a detective uncovered impeachment evidence of the star witness while conducting an investigation at the federal prosecutor's request. It was unclear whether or not the information had been brought to the prosecutor's attention, but the prosecutor had instructed the investigator to run a criminal history report. *Id.* at 903. The court held that the prosecutor's personal knowledge was not dispositive of a *Brady* violation. The Court held that a *Brady* violation occurred because "the government failed to disclose the relevant information in the possession of **any** of it agents involved in the prosecution, not just what the prosecutor himself personally knew." *Id.* at 908 (emphasis in original).

*Price* is distinguishable because the government in *Price* was in possession of the impeachment/*Brady* material. The exculpatory evidence was the direct result of the investigation by the federal government's agent. In this instant case, the government does not have possession, custody or control of the officer's personnel file. The file is held by another sovereign.

Defendant also cites *United States v. Jennings*, 960 F.2d 1488 (9th Cir.1992). *Jennings* is relevant but distinguishable as it does not involve the precise issue currently pending. In *Jennings*, the Ninth Circuit ruled that an AUSA cannot personally be required to review law enforcement personnel files. *Id.* at 1491–92. Instead, the Ninth Circuit, noting the burden such a rule would place on a prosecutor and emphasizing that "the presumption is that the official duty will be done," approved a Department of Justice ("DOJ") procedure in which the relevant agency itself performs the review and then submits possibly relevant material to the AUSA for his or her determination as to whether it should be turned over to the defense. *Id.* at 1492, n.3. At issue in *Jennings* was personnel files of federal agents, not state or local law enforcement officer.

In *Forte,* a case also cited by defendant, the court held "Government agent" includes non-federal personnel who contribute to a federal criminal "case." *U.S. v. Forte*, 472 F.3d 1106, 1113, 1118 (9th Cir. 2007). *Forte* involved a discovery order for disclosure of investigative reports prepared by the San Francisco police department which had been provided to the federal prosecutor. The primary issue was whether the United States had to produce reports prepared by local police agencies, or whether such reports were exempt from disclosure under the federal "work product" exception, Rule 16(a)(2). In determining whether the reports were "made by an ... other government agent in connection with investigating or prosecuting the case," the court defined a "government agent" as including non-federal personnel whose work contributes to a federal criminal "case." *Id.* at 1113. The Court held that investigative reports created by state police officers and turned over to federal prosecutors to support a unified federal prosecution of defendants should be considered reports "made by an ... other government agent in connection with investigating or prosecuting the case." State-gathered evidence only becomes subject to Rule 16(a)(1)(E)'s disclosure obligation "when it passes into federal possession." *Fort*, 472 F.3d at 1118. *Forte*, however, did not hold that state law enforcement personnel files must be turned over, an issue this Court finds controlling, as explained below.

Defendant also relies on *U.S. v. Pantoja*, 2010 U.S. Dist. Lexis 44296 (C.D. Cal. 2012)[1], for the proposition that the government's reliance on *Dominguez-Villa* is misplaced. (Doc. 60 p.8.) In *Pantoja*, Defendants, charged with gang activity, sought discovery from state and local law enforcement agencies who had collected information regarding a particular gang. The government opposed the request on the grounds that it did not have possession, custody or control over the State of California's Cal-Gangs database. *Pantoja* distinguished *Dominguez-Villa* stating that the issue "is not the question of custody or control, but instead whether the government has fulfilled its duty to learn of any exculpatory evidence now in the possession of any agency cooperating with the prosecution." The court then ordered the parties to meet and confer, but did not rule on the motion. *See e.g.*, *United States v. Davis,* 2006 WL 2987915 (D.Nev. 2006) (Parties are under an obligation to

[1] A Westlaw citation is not available.

meet and confer in a good faith effort to resolve discovery disputes in order to "lessen the burden on the court and reduce the unnecessary expenditure of resources by litigants, through promotion of informal, extrajudicial resolution of discovery disputes.").

*Pantoja* is not binding authority on this Court, and the Court does not find it persuasive. Rule 16 and *Brady* require the government to be in the possession, custody or control of documents sought to be discovered. The fact that state law enforcement personnel were involved in the underlying federal criminal investigation, does not make their personnel files "under the control of," or "in the possession of" the federal prosecutor. The court acknowledges that the prosecution's duty under *Brady* requires cooperation from government agents who might possess *Brady* material. *United States v. Blanco*, 392 F.3d 382, 388 (9th Cir.2004). The prosecution "has a duty to learn of any favorable evidence known to the others acting on the government's behalf in a case...." *Kyles v. Whitney*, 514, U.S. 419, 437 (1995); *see also United States v. Monroe*, 943 F.2d 1007, 1011 n. 2 (9th Cir.1991) (stating that "the prosecution must disclose any [ Brady ] information within the possession or control of law enforcement personnel"). The court acknowledges the tension between a defendant's rights under *Brady* and *Giglio* to exculpatory and or impeachment evidence and the requirement of possession, custody or control by the federal prosecution team.

Defendant extrapolates that if a non-federal agent's investigation is *Brady* material, then so must be the non-federal agent's personnel records. Personnel records for agents who are not employed with the federal government, however, simply are different. This Court is not asked to compel production of investigative reports that formed the basis of the underlying indictment, as in *Forte*. This Court is not asked to compel production of investigated information such as arrest or conviction records, or database information, as in *Price* or even *Pantoja*. Rather, this Court is asked to compel the government to search another sovereign's records containing private and personal information of state or local law enforcement officers.[2] No other Court has so held that this Court has such authority. No controlling authority has been cited that such authority in fact exists. Indeed, *Dominguez-Villa*, which is largely on point, holds this Court does not have such authority.

[2] California has a strong public policy in favor of confidentiality of law enforcement personnel files. Cal.Pen.Code §832.7.

*Dominguez-Villa,* 954 F.2d 562 (A district court does not have general supervisory powers over the co-equal executive branch of government.).[3] No authority has been cited that any other court has made such an order. *See U.S. v. McGrego*r, 2012 WL 6019581 (N.D.Cal. 2012) (defendant has no right under *Brady* to personnel records of three state officers expected to testify). Accordingly, the Court rejects defendant's extrapolation of the reasoning in the above-cited cases to personnel files of non-federal agents.

**Pitchess**

Defendant is not without a procedure to obtain the information he seeks.

California has established a well-recognized procedure for obtaining personnel records of law enforcement officers. California criminal defendants may compel discovery of police officers' personnel files by filing a *Pitchess* motion supported by affidavits showing good cause, materiality, and a reasonable belief that the agency has the information at issue. Cal. Evid.Code § 1043(b)(3); see generally *Pitchess v. Superior Court*, 11 Cal.3d 531, 113 Cal.Rptr. 897, 522 P.2d 305 (1974). In every department or agency that employs peace officers or custodial officers, complaints and reports or findings must be retained for at least 5 years. (Penal C. 832.5(b).) Peace and custodial officer personnel records and records of complaints maintained pursuant to P.C. 832.5 "are confidential and shall not be disclosed in any criminal or civil proceeding" except by discovery pursuant to Ev.C. 1043 and 1046 (P.C. 832.7(a).) The requisite showing of "good cause" in a criminal matter "may be satisfied by general allegations which establish some cause for discovery" other than a mere desire for all information in the possession of the prosecution. *City of Santa Cruz v. Municipal Court*, 49 Cal.3d 74, 85, 260 Cal.Rptr. 520 (1989) (citing *Pitchess*, 11 Cal.3d at 536–37, 113 Cal.Rptr. 897, 522 P.2d 305).

Although a *Pitchess* motion is a creature of state law, it implicates a defendant's due process right to receive exculpatory and impeachment evidence. The Ninth Circuit has found that the *Pitchess* preliminary requirement of good cause complies with Supreme Court precedent under *Brady* (as modified in *Pennsylvania v. Ritchie*, 480 U.S. 39, 58 n. 15, 107 S.Ct. 989, 94 L.Ed.2d 40

---

[3] The parties and the Court agree that personnel files of federal agents are discoverable. *U.S. v. Henthorn,* 931 F.2d 29 (1991).

(1987)) and has held that California's procedure is not contrary to Supreme Court precedent. *Harrison v. Lockyer*, 316 F.3d 1063, 1066 (9th Cir.2003) (holding that the denial of *Pitchess* discovery does not violate due process if the defendant makes "no showing that [a police personnel] file contained complaints material to his defense").

**CONCLUSION**

For the foregoing reasons, the defendant's motion for the personnel records of Officer I. Munoz is DENIED.

IT IS SO ORDERED.

**Dated: April 18, 2013** /s/ **Barbara A. McAuliffe**
UNITED STATES MAGISTRATE JUDGE